Linda GOSA, Plaintiff-Appellee, Cross-Appellant,

v.

BRYCE HOSPITAL, Defendant-Appellant, Cross-Appellee.

No. 85–7052.

United States Court of Appeals, Eleventh Circuit.

Jan. 21, 1986.

J. Fairley McDonald, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, Ala., for defendant-appellant, cross-appellee.

Joe R. Whatley, Jr., Stewart, Falkenberry & Whatley, Birmingham, Ala., for plaintiff-appellee, cross-appellant.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

There is no dispute in this Equal Pay Act case that the plaintiff, Linda Gosa, performed work equal to that of her male

counterpart, David Crawford, but received less pay. Gosa received an award, however, for only part of the difference between her pay and Crawford's. The district court attributed the rest of the difference to the "red circling" of the male employee's salary. A wage discrepancy explained entirely by red circling falls under the "factor other than sex" exception to the Equal Pay Act, eliminating a remedy against the employer based on that difference.

Defendant Bryce Hospital appeals on the ground that the "red circling" of Crawford's wage should discharge it of all liability and that none of Crawford's salary could be compared with Gosa's for equal pay purposes. Plaintiff cross-appeals claiming she should have received all of the difference between her pay and that received by Crawford.

The question is whether the district court erred (1) in using as a "comparator" a male employee whose salary had been "red circled," and awarding Gosa only part of the difference between her and Crawford's pay; and (2) in finding that part of the discrepancy between their salaries could be attributed to a "factor other than sex" exception in the Equal Pay Act. Concluding that the district court properly applied the law and was not clearly erroneous on the facts, we affirm. We also affirm without comment the district court's decision awarding attorney's fees to plaintiff.

A male to whom a female plaintiff is compared for purposes of determining whether a wage discrepancy exists for Equal Pay Act purposes is referred to as a "comparator." *See Hein v. Oregon College of Education,* 718 F.2d 910, 912–13 (9th Cir.1983). Using Crawford as a comparator, the hospital concedes here that the plaintiff established a *prima facie* case under the Equal Pay Act by showing that she performed for a lower salary substantially the same work as a male counterpart. 29 U.S.C.A. § 206(d); *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Morgado v. Birmingham-Jefferson Coun-*

ty *Civil Defense Corps,* 706 F.2d 1184, 1187–88 (11th Cir.1983), *cert. denied,* 464 U.S. 1045, 104 S.Ct. 715, 79 L.Ed.2d 178 (1984). The burden of both production and persuasion then shifted to the defendant to show that the pay differential was justified under one of the Equal Pay Act's four statutory exceptions. 29 U.S.C.A. § 206(d)(1); *Corning Glass Works,* 417 U.S. at 196–97, 94 S.Ct. at 2229; *Plemer v. Parsons-Gilbane,* 713 F.2d 1127, 1136 (5th Cir.1983).

■ The hospital relies on the "factor other than sex" exception to explain the wage differential here. Section 206(d)(1)(iv). The requirements for proving that exception are not met "unless the factor of sex provides no part of the basis for the wage differential." *Morgado,* 706 F.2d at 1189; 29 C.F.R. § 800.142. The hospital contends that Crawford's wage was "red circled." Generally defined, the term "red circle" describes "certain unusual, higher than normal, wage rates which are maintained for many reasons." 29 C.F.R. § 800.146. One such reason recognized in the regulations is temporary reassignment. 29 C.F.R. § 800.147. Plaintiff does not dispute that Congress intended to include the practice of "red circling" as a section 206(d)(1)(iv) "factor other than sex" to explain a wage differential. H.R. Rep. No. 309, 88th Cong., 1st Sess. 3 (1963), *reprinted in* 1963 U.S.Code Cong. & Ad. News 687, 689.

David Crawford's salary was clearly "red circled," due to temporary reassignment; that is, his pay was higher than a person would normally receive for the work he was performing because he had transferred from a higher to a lower position with no reduction in pay. In September 1981, Crawford, who worked as a "Property Inventory Officer," was transferred "on a temporary basis" to the hospital's maintenance warehouse where he began performing the same work that Linda Gosa was then performing. Gosa had begun working as a "General Laborer" in the laundry room at Bryce Hospital in 1974. In 1978, she was transferred to the hospital's main-

tenance warehouse where she performed the work of a Stock Clerk I, but continued to receive a Laborer's wages. The hospital's "merit system" justification for maintaining Gosa at Laborer's wages, rejected by the district court, was that she was unable to pass the necessary examinations under the merit system to qualify for the Stock Clerk I position. Gosa initially familiarized Crawford with the Stock Clerk I job when he was first transferred to the warehouse, and for over two years both employees performed substantially identical work in the same warehouse. The district court found that the duties they performed were those of a "Stock Clerk I." During the time Gosa and Crawford worked together, both performing Stock Clerk I duties, her pay scale ranged from $268.50 to $430.60 per pay period (Laborer wages), whereas his ranged from $472.00 to $671.40 (Property Inventory Officer wages). On October 1, 1983, Crawford returned to his Property Inventory Officer duties.

■ On the basis of the evidence before it, the district court concluded that Gosa was not paid the same "salary as her male counterparts performing the same job," that a Stock Clerk I salary was commensurate with Crawford's duties in the warehouse, and that any wage of the comparator above the Stock Clerk I wage was due to red circling, a factor other than sex. The district court was not clearly erroneous in these findings.

Because Congress concededly intended to include the practice of "red circling" as a section 206(d)(1)(iv) "factor other than sex" to explain a wage differential, the question is what Congress intended when red circling only accounts for part of the discrepancy. There is no evidence of congressional intent in the Act, its legislative history, or in the accompanying regulations, to prohibit a decision that a male can be used as a comparator when it is clear what wage he would be receiving had his wage not been "red circled." Nor is there any indication that Congress intended that red circling was an "all or nothing" defense which either completely excused the disparity or

did not excuse any of it. The purpose of the Equal Pay Act is broadly remedial, *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1080–81 (D.C.Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985), and the flexibility of the red circling concept has been preserved in anticipation of the need to reconcile legitimate business necessities with the Act's purpose. *See Marshall v. J.L. Hudson Co.*, 25 Fair Empl.Prac.Cas. (BNA) 1101, 1106 (E.D.Mich.1979).

The district court did not err in stating that "[i]f plaintiff had been compensated as a Stock Clerk I she could not bring the present action based on the rate of salary paid to Crawford. The red circling principle would bar such relief.... Plaintiff's relief will be based on the salary commensurate with her job responsibilities." The district court could properly conclude, within the statutory framework, that Gosa should have received Stock Clerk I wages when only part of the wage disparity could be attributed to red circling.

■ The defendant's contention that in any event relief should have been awarded only until the date that Crawford left his Stock Clerk duties, October 1, 1983, is without merit. It is well established in this Circuit that "[t]he employees whose pay is the subject of comparison may hold jobs in succession as well as simultaneously." *Pearce v. Wichita County*, 590 F.2d 128, 133 (5th Cir.1979) (citing *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1049 (5th Cir.), *cert. denied*, 414 U.S. 822, 94 S.Ct. 121, 38 L.Ed.2d 55 (1973)). Crawford's "temporary" status does not preclude him from being used as a comparator for purposes of the Stock Clerk I position. His departure in no way alters the basis for the award: that Bryce Hospital was simply unable to prove that the entire wage disparity was attributable to factors other than sex. Gosa was properly held to be entitled to Stock Clerk I wages after Crawford's departure.

■ The hospital's contention that the district court was without jurisdiction to direct it to "request that plaintiff be exempted from the merit system ... and that

she be paid the salary of a Stock Clerk I" is without merit. The district court found and defendant does not challenge on appeal that the hospital had "unbridled discretion" to exempt employees from the merit system, that it employed that discretion at will, and that it thereby had control in setting employee wages. Based on these findings, the district court did not err in rejecting the hospital's merit system defense. The equality of work performed triggers Equal Pay Act liability, not the equality of qualifications for that work. It appears, however, that in order to pay the plaintiff the equivalent of Stock Clerk I wages, the plaintiff could no longer be categorized as a Laborer. For this reason, the order directing that she be exempted from the merit system in the future is little more than a procedural necessity to implementing the district court's order that Gosa receive wages equal to those of a Stock Clerk I.

The district court did not err in concluding that Gosa was entitled to an award consisting of only part of the discrepancy between her and Crawford's pay, in entering judgment based on the decision that Gosa should have received the equivalent of Stock Clerk I wages, and in awarding plaintiff attorney's fees.

AFFIRMED.