[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13714

_____

SHA'OLA TERRELL,

Plaintiff-Appellant,

*versus*

ALABAMA STATE UNIVERSITY,
THE BOARD OF TRUSTEES OF ALABAMA STATE
UNIVERSITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cv-00047-RAH-CWB

_____

Before WILSON, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Sha'ola Terrell appeals the district court's grant of summary judgment in favor of her former employer Alabama State University and its Board of Trustees (collectively, "ASU") on her claims of sex discrimination under Title IX, 20 U.S.C. § 1681, and sex discrimination and retaliation under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the Clarke-Figures Equal Pay Act ("CFEPA"), Ala. Code § 25-1-30. In granting summary judgment, the district court determined that Terrell failed to carry her burden as to each claim. After review and with the benefit of oral argument, we affirm as to the Title IX and retaliation claims, but vacate and remand as to the EPA and CFEPA sex discrimination claims in the light of our recent clarification of the analytical framework for EPA claims in *Baker v. Upson Reg'l Med. Ctr.*, 94 F.4th 1312 (11th Cir. 2024).

## I. BACKGROUND

From October 2018 to September 2021, Terrell was the Senior Associate Athletic Director for Internal Operations at ASU. The job announcement she applied to advertised a salary of $75,000, and Athletic Director Jennifer Williams, who had invited Terrell to apply for the position, hired Terrell at that $75,000 salary. Williams also designated Terrell as the Athletic Department's Senior Woman Administrator. This leadership role was intended for the highest-ranking female involved in the management of an

intercollegiate athletics program in order to promote the representation of women in college sports.

According to Terrell, she had a history of vocalizing complaints about not being paid for the Senior Woman Administrator role, which had a line item in ASU's budget for $15,000 in 2019 and $10,000 in both 2020 and 2021. Specifically, Terrell alleged that she sent Dr. Jason Cable, who replaced Williams as Athletic Director in August 2021, a memo complaining that she was not paid the budgeted amount for the Senior Woman Administrator role. No copy or record of this memo was produced during discovery.

After Dr. Cable became Athletic Director, he decided to restructure the department. As part of his restructuring plan, Dr. Cable decided to eliminate and revise the positions of Senior Associate Athletic Director of Internal Operations (held by Terrell) and Deputy Athletic Director (held by a male employee, Terrance Jones). Both Terrell and Jones were non-reappointed on September 15, 2021.

After Terrell was non-reappointed, she sued ASU alleging sex discrimination and retaliation claims under the EPA and CFEPA and a sex discrimination claim under Title IX. The district court granted summary judgment to ASU on all claims, and Terrell timely appealed.

## II. STANDARD OF REVIEW

We review the grant of summary judgment *de novo*, viewing "the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

### A. Title IX Claim

On appeal, Terrell argues that the district court erred in ruling that she failed to establish a triable claim for sex discrimination based on pay disparity under Title IX. She contends that the record contains sufficient circumstantial evidence that ASU discriminated against her because of her sex to satisfy the burden-shifting test in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

After appellate briefing concluded, however, this Court held in *Joseph v. Board of Regents of the University System of Georgia* that Title IX "does not provide an implied right of action for sex discrimination in employment." --- F.4th ---, Nos. 23-11037, 23-12475, *1 (11th Cir. Nov. 7, 2024). *Joseph* explained that although the Supreme Court has held that Title IX provides an implied right of action for students who complain of sex discrimination by schools that receive federal funds, the Supreme Court had "never extended the implied private right of action

under Title IX to claims of sex discrimination for employees of educational institutions." *Id.* at ⋆6. *Joseph* further explained that it is "unlikely that Congress intended Title VII's express private right of action and Title IX's implied right of action to provide overlapping remedies." *Id.* at ⋆8.

After *Joseph*, the parties filed supplemental briefs addressing its impact on Terrell's Title IX claim. Terrell urges us not to apply *Joseph* and argues that its holding was inconsistent with Supreme Court precedent and contrary to the text of Title IX. ASU asserts that the district court's grant of summary judgment on Terrell's Title IX claim should be affirmed based on our *Joseph* decision. Because we are bound to apply our *Joseph* precedent, we agree with ASU and affirm the grant of summary judgment to ASU on Terrell's Title IX claim in the light of *Joseph*. *See id.* at ⋆1; *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [the prior panel precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1302-03 (11th Cir. 2001) (rejecting an "overlooked reason" exception to the prior precedent rule).

## B. Retaliation Claim

Terrell argues that her non-reappointment was causally connected to her history of complaining about not receiving the budgeted funds for the Senior Woman Administrator role and specifically to her allegedly sending a memo to Dr. Cable asking to

be paid the line-item funds designated for that role a few days before she was non-reappointed. And she argues that ASU's proffered reason—the restructuring of the department—was false.

We affirm the summary judgment on Terrell's retaliation claim. As the district court explained, Terrell's evidence was insufficient to establish that her alleged complaints were causally connected to ASU's decision to non-reappoint her. In particular, her evidence reveals that ASU made the same decision to non-reappoint Jones, a male colleague, because both of their positions were being restructured within the athletic department. Because Terrell and Jones were simultaneously non-reappointed, we can discern no triable fact issue of but-for causation as to Terrell.

## C. Discrimination Claims under the EPA and CFEPA

As to Terrell's sex discrimination claims under the EPA and CFEPA, the district court cited our precedent in *Steger v. Gen. Elec. Co.*, 318 F.3d 1066 (11th Cir. 2003), and applied a three-step burden-shifting test akin to the *McDonnell-Douglas* framework. After briefing concluded in this appeal, however, this Court clarified in *Baker* that claims of sex discrimination under the EPA are analyzed under a two-step framework. *See Baker*, 94 F.4th at 1317.

*Baker*'s two-step framework requires the plaintiff to make her *prima facie* case by demonstrating "that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and

responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (quoting § 206(d)(1)). Once the plaintiff establishes her *prima facie* case, the burden shifts to the employer to prove that the difference in pay is justified by one of the EPA's four exceptions: (1) "a seniority system"; (2) "a merit system"; (3) "a system which measures earnings by quantity or quality of production"; or (4) "a differential based on any factor other than sex." *Baker*, 94 F. 4th at 1317 (quoting *Brock v. Ga. Sw. Coll.*, 765 F.2d 1026, 1036 (11th Cir. 1985)); *see also* § 206(d)(1). These exceptions are affirmative defenses for which the defendant bears the burden of proof. *Corning Glass Works*, 417 U.S. at 196-97; *Gosa v. Bryce Hosp*, 780 F.2d 917, 918 (11th Cir. 1986).

Thus, as we explained in *Baker*, there is no third "pretext" step. *Baker*, 94 F.4th at 1318; *see also Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1533 (11th Cir. 1992) ("The Equal Pay Act prescribes a form of <u>strict liability</u>: Once the disparity in pay between substantially similar jobs is demonstrated, the burden shifts to the defendant to prove that a 'factor other than sex' is responsible for the differential. If the defendant fails, the plaintiff wins. The plaintiff is not required to prove discriminatory intent on the part of the defendant." (emphasis added)); *Mitchell v. Jefferson Cnty. Bd. of Educ.*, 936 F.2d 539, 547 (11th Cir. 1991) ("The Supreme Court has stated that the EPA consists of two parts, a definition of the violation followed by four affirmative defenses.").

In the light of our *Baker* decision clarifying the proper framework for analyzing EPA, and thus CFEPA, claims of sex discrimination, we vacate the district court's summary judgment on these sex discrimination claims and remand for the district court to apply the correct test in the first instance.

## IV. CONCLUSION

We **AFFIRM** the grant of summary judgment to ASU on Terrell's claims of sex discrimination under Title IX and retaliation. We **VACATE** the grant of summary judgment to ASU on Terrell's sex discrimination claims under the EPA and CFEPA and **REMAND** those two claims for further proceedings consistent with this opinion.  The district court shall permit the parties to brief the evidence under *Baker*'s two-step framework pursuant to a schedule to be determined by the district court.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**