Patricia J. KENWORTHY, Plaintiff–Appellee,

v.

CONOCO, INC., Defendant–Appellant.

No. 90–1043.

United States Court of Appeals, Tenth Circuit.

Nov. 19, 1992.

---

Bruce A. Hubbard, of Lapin and Herrick–Stare, P.C., Denver, Colo. (David L. Lenyo, with him on the brief), for defendant-appellant.

Valerie McNaughton, McNaughton & Rodgers, Denver, Colo. (Tim Correll, The Correll Law Office, P.C., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SEYMOUR and ANDERSON, Circuit Judges, and OWEN, District Judge.*

SEYMOUR, Circuit Judge.

Patricia Kenworthy brought this action against Conoco, Inc., asserting, inter alia, violations of 29 U.S.C. § 206(d)(1) (Equal Pay Act) and 42 U.S.C. §§ 2000e et. seq. (1988) (Title VII), arising from her failure to be promoted and her eventual discharge.[1] Ms. Kenworthy's Equal Pay claim was tried to a jury, which found in her favor and awarded her backpay. In her Title VII claims, which were tried to the court, Ms. Kenworthy alleged that Conoco discriminated against her on the basis of her sex and Hispanic national origin, and retaliated against her for filing discrimination charges. The court found that Conoco did not discriminate against Ms. Kenworthy with respect to either the denial of her promotion or her discharge. Although the court also ruled against Ms. Kenworthy on her retaliatory discharge claim, it found in her favor on her claim that Conoco's failure to promote her was in retaliation for her filing the discrimination claim.

Conoco appeals, arguing that the verdict on the Equal Pay Act claim was not supported by the evidence and, alternatively, that the district court erred with respect to the award of prejudgment interest on that claim. Conoco also contends that the district court was clearly erroneous in finding that Conoco's refusal to promote Ms. Kenworthy was retaliatory. Ms. Kenworthy asserts that Conoco's notice of appeal was not timely.

I.

■ Because the timely filing of a notice of appeal is a jurisdictional requirement, see Browder v. Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978), we address that issue first. The disposition by the lower court of the claims in this case occurred in several stages. On November 17, 1988, a judgment on the jury verdict in favor of Ms. Kenworthy's Equal Pay Act claim was entered on the docket. On January 5, 1989, the court issued findings and conclusions resolving the merits of the Title VII issues without awarding damages on Ms. Kenworthy's successful retaliation claim. On July 11, 1989, the court issued an order that set the amount of damages on this claim.

---

* The Honorable Richard Owen, United States District Judge, United States District Court for the Southern District of New York, sitting by designation.

1. Kenworthy also asserted various pendant state law claims. All of these claims except one for wrongful discharge were dismissed prior to trial. A jury decided this claim against Kenworthy and she does not pursue it on appeal.

On December 4, 1989, the parties filed a joint motion for entry of final judgment. In support of this motion, the parties asserted that judgment had never been entered on the July 11 order awarding Ms. Kenworthy damages on her Title VII claim, and that the court had not ruled on the parties' stipulation as to prejudgment interest on the Equal Pay Act claim. Two days later on December 6, the court entered an order awarding Ms. Kenworthy prejudgment interest on her Equal Pay Act claim in accordance with the stipulation of the parties. This action by the court resolved the last remaining issue in the case aside from the amount of costs and attorneys' fees.[2]

Finally, on January 25, 1990, in accordance with an order for entry of final judgment issued by the court on January 19, a final judgment was entered on the docket. The court's order recited that it incorporated "by reference the Partial Judgment [on the Equal Pay Act claim] and addresses the remaining Title VII issues which the court had taken under advisement." Rec., vol. I, doc. 19. The order awarded Ms. Kenworthy damages plus interest on her two successful claims. Conoco filed a notice of appeal within thirty days of this order.

Ms. Kenworthy now asserts that the December 6, 1989 order directing the award of prejudgment interest on the Equal Pay Act claim resolved the only outstanding issue in the case and that, contrary to the understanding of the parties when they filed their joint motion for entry of final judgment, judgment on the Title VII claim had in fact already been entered on the docket at the time the December 6 order was docketed. Accordingly, Ms. Kenworthy argues that the December 6 order was the final judgment and that the time for appeal began to run from entry of that order. Under this analysis, the February 23 notice of appeal would be untimely.

Under 28 U.S.C. § 1291 (1988), this court has jurisdiction only of appeals from final decisions of the district court. Rule 58 of the Federal Rules of Civil Procedure sets out the requirements for the entry of a judgment that is final for purposes of section 1291.[3] A final judgment entered in compliance with Rule 58 begins the time period for the filing of a notice of appeal. *See Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751, 754 (9th Cir.), *cert. denied,* 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986).

We have held that a district court order which contains no discussion of the reasoning behind the court's decision and cannot be considered to be an opinion or memorandum, is clearly intended to be the final directive of the court disposing of all the claims, and is properly entered on the docket, meets the requirements of Rule 58.

*Kline v. Dep't of Health & Human Servs.,* 927 F.2d 522, 523–24 (10th Cir.1991) (citing *Laidley v. McClain,* 914 F.2d 1386, 1390 (10th Cir.1990)).

The December 6 order, simply styled "order", was entered while the parties' motion for entry of final judgment was pending and did not address all the deficiencies raised in that motion. In contrast, the January 25 entry, styled "CLERK'S ENTRY OF FINAL JUDGMENT", specifically

---

**2.** A judgment may be final notwithstanding unresolved issues on costs and attorneys' fees. *See* Fed.R.Civ.P. 58 (costs); *Budinich v. Becton Dickinson & Co.,* 807 F.2d 155 (10th Cir.1986) (attorney's fees), *aff'd,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

**3.** Rule 58 provides:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

addressed all the issues the parties then considered unresolved. Under these circumstances, we do not believe the December 6 order can be viewed as "clearly intended to be the final directive of the court disposing of all the claims." *Id.* at 524. Even if we were to conclude that the December 6 order met the requirements of Rule 58, we would be presented with circumstances analogous to those at issue in *Kline.* We held there that a timely appeal from the later order, "which clearly [met] the requirements of Rule 58," *id.*, was sufficient to confer appellate jurisdiction. We conclude accordingly that we have jurisdiction over this appeal.

## II.

The facts giving rise to this litigation may be briefly set out as follows. Patricia Kenworthy was hired by Conoco in April 1975 as an accounting clerk in the payroll office. She began at a salary grade three and was raised to a level four after she had worked a few months. In October 1978, Ms. Kenworthy was transferred to the warehouse and began working as a warehouse accounting clerk. She continued in salary level four.

In 1981, Ms. Kenworthy filed a charge with the EEOC alleging that she was being paid at level four for performing accounting work substantially equal to the work performed by men paid at level six. She and Conoco reached a settlement agreement on this charge whereby Conoco raised her to a level five and she agreed to release any Equal Pay Act claims against Conoco for violations occurring up to the settlement date of July 27, 1981.

In September 1983, the warehouse supervisor, Bill Harrison, left that position and Ms. Kenworthy applied for the job. At that point, she had worked for five years as warehouse accounting clerk and had occasionally filled in as acting warehouse supervisor. The position was originally offered to Ray Sanders, who had been a payroll accounting clerk and was currently a yield accountant. He declined the offer. The position was filled by Jim Peterson, a pipefitter/welder. Although Peterson had

a college degree, supervisory experience, and a technical background, he had no experience in either purchasing or accounting, functions which Conoco personnel conceded were important to the warehouse supervisor's position. Ms. Kenworthy then filed a second EEOC charge asserting that her failure to be promoted to warehouse supervisor was in retaliation for the 1981 charge, and that she had been denied equal pay.

In April 1985, Ms. Kenworthy was transferred back to the payroll accounting clerk position, under the supervision of Julia Giller. In December of that year, Ms. Kenworthy obtained possession of a thank-you note written by one employee to another. The note had been placed in the trash when the employee's file had been cleaned out. Although the facts surrounding this incident are in some dispute, evidence in the record indicates that Giller considered this note to be confidential information, that the note could have been embarrassing to the writer, and that Ms. Kenworthy showed the note to at least two other Conoco employees. When Giller confronted Ms. Kenworthy with what Giller considered a breach of Ms. Kenworthy's duty as a payroll clerk to keep confidential information confidential, Ms. Kenworthy at first denied any breach. Later, when Ms. Kenworthy realized that Giller was referring to the thank-you note, she admitted showing the note to others but stated that she did not think the note was confidential and that she had shown it in an attempt to improve relations between the note-writer and other employees. Giller terminated Ms. Kenworthy as a result of this incident.

Ms. Kenworthy instituted this lawsuit, contending that Conoco violated the Equal Pay Act by failing to pay her wages equal to those it paid men performing substantially equal work. Ms. Kenworthy also charged that her failure to be given the warehouse supervisor's job and her discharge were the result of sex and national origin discrimination and/or in retaliation for her EEOC filings. The Equal Pay Act claim was tried to a jury and the Title VII claims were tried to the court in one pro-

ceeding. The jury returned a verdict for Ms. Kenworthy on her equal pay claim. The court found that Conoco had denied Ms. Kenworthy the promotion in retaliation for her EEOC charge, but held that her discharge was not retaliatory or the product of sex or national origin discrimination.

### III.

### A.

▇▇ Conoco contends that the record does not support the jury's determination that Conoco violated the Equal Pay Act. A plaintiff asserting a violation of that act "must prove that the employer pays unequal wages for work that is substantially equal in terms of skill, effort and responsibility, and that is performed under similar working conditions." *EEOC v. Central Kansas Medical Ctr.*, 705 F.2d 1270, 1272 (10th Cir.1983). "If the plaintiff meets this burden, the burden shifts to the employer to prove that one of the four exceptions in the Act justifies the wage differential." *Sinclair v. Automobile Club of Oklahoma, Inc.*, 733 F.2d 726, 728 (10th Cir. 1984). Wage differentials are justified under the Act if they are based either on a seniority system, a merit system, the quality or quantity of production, or any factor other than sex. *Id.* The employer's burden of proof on exceptions to the Equal Pay Act is a heavy one. *See Central Kansas Medical Ctr.*, 705 F.2d at 1272.

Conoco asserts that Ray Sanders was the only man who arguably performed accounting functions substantially equal to those performed by Ms. Kenworthy, and that he ceased performing this work prior to the 1981 cutoff date established by the settlement agreement between Conoco and Ms. Kenworthy. Conoco contends that the jury was instructed not to consider evidence occurring before this date, and argues that its verdict for Ms. Kenworthy is therefore without support in the record. In so doing, Conoco mischaracterizes the applicable law, the court's jury instruction, and the evidence.

▇▇ The law is clear that an Equal Pay Act violation may be established even though employees whose pay is the subject of comparison perform substantially equal work at different times. *See, e.g., County of Washington v. Gunther*, 452 U.S. 161, 179 n. 19, 101 S.Ct. 2242, 2253 n. 19, 68 L.Ed.2d 751 (1981); *Gosa v. Bryce Hosp.*, 780 F.2d 917, 919 (11th Cir.1986); *Patkus v. Sangamon–Cass Consortium*, 769 F.2d 1251, 1260 (7th Cir.1985); *EEOC v. First Citizens Bank*, 758 F.2d 397, 402 (9th Cir.), *cert. denied;* 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 228 (1985); *Sinclair*, 733 F.2d at 729; *Clymore v. Far–Mar–Co., Inc.*, 709 F.2d 499, 501–03 (8th Cir.1983); *EEOC v. Liggett & Myers, Inc.*, 690 F.2d 1072, 1078 & n. 6 (4th Cir.1982). Indeed, Conoco concedes, as it must, that Ms. Kenworthy need not show that she and Sanders performed substantially equal work simultaneously. Conoco nonetheless argues that the jury was prohibited from comparing work Ms. Kenworthy did after the 1981 settlement with work Sanders did before that date. We disagree.

▇▇ The Equal Pay Act is violated when an employer discriminates "between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work." 29 U.S.C. § 206(d)(1). A violation of the Act thus occurs at the time the discriminatorily low wage is paid to the disfavored employee. The release Ms. Kenworthy signed states in pertinent part that "Patricia J. Kenworthy does hereby release and relinquish any and all claims, actions, and causes of action which she has or might have in connection with the terms and conditions of her employment with Conoco up to the date of this Release." Pl. ex. 4. The plain language of the release bars only equal pay claims that had *accrued* prior to the date the release was executed. Accordingly, even though Ms. Kenworthy could not recover for discriminatory wages she received before 1981, the jury could properly consider whether Conoco violated the Act after 1981 on the basis of Ms. Kenworthy's wages and work after that date compared to Sanders' wages and work before 1981. Allowing Ms. Kenwor-

thy to recover for any pay differential she suffered *after* the settlement does not defeat her release of claims based on work she performed before that date. The trial court properly instructed the jury not to consider evidence of *violations* occurring prior to July 27, 1981. *See* rec., vol. IX, at 19. The court could not and did not prohibit the jury from comparing Sanders' pre–1981 work with work Ms. Kenworthy performed after that date to determine whether her post–1981 wages constituted a violation of the Act.

We therefore turn to whether the evidence is sufficient to support the Equal Pay Act verdict. Our review is limited to ascertaining whether that verdict is supported by substantial evidence when the record is viewed in the light most favorable to the prevailing party. *See Riggs v. Scrivner, Inc.,* 927 F.2d 1146, 1149 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). "Substantial evidence, while something less than the weight of the evidence, is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence." *Gilbraltar Sav. v. LDBrinkman Corp.,* 860 F.2d 1275, 1297 (5th Cir.1988), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988 (1989); *see also Davis v. Mason County,* 927 F.2d 1473, 1486 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991).

> Under this standard, it is not the function of the appeals court to reverse merely if it believes the evidence might have supported a different verdict. If there is an evidentiary basis upon which the verdict can be supported, the jury's determinations will be left undisturbed, even where there is substantial contradictory evidence that could have supported an opposite verdict.

*Gilbraltar,* 860 F.2d at 1297. "Moreover, it is the sole province of the jury to appraise credibility, draw inferences, determine the weight to be given testimony and to resolve conflicts in the facts. We have noted that a jury finding based on sharply conflicting evidence is binding on appeal."

*Dugan v. EMS Helicopters, Inc.,* 915 F.2d 1428, 1430 (10th Cir.1990) (citation omitted).

When Sanders' work as a payroll clerk is considered, the record amply supports the jury's determination that Conoco violated the Equal Pay Act by the wages it paid to Ms. Kenworthy. Sanders testified that his work as a payroll clerk was substantially equal to Ms. Kenworthy's work as a warehouse clerk. *See* rec., vol. IV, at 50. Sanders was paid at a level six, while Ms. Kenworthy was paid at a level five. We therefore uphold the jury's verdict on Ms. Kenworthy's equal pay claim.

### B.

Conoco also asserts that the district court erred in awarding prejudgment interest on the amount of the Equal Pay Act verdict. Conoco argues that the court's instruction and the special verdict form allowed but did not require the jury to include prejudgment interest in its award. Therefore, Conoco contends, because the jury's award could have included prejudgment interest as well as damages, the court erred by treating the award as damages only and awarding prejudgment interest on the entire amount. Our review of the proceedings below reveals not only that Conoco failed to present this issue to the district court, but that Conoco stipulated to the amount of prejudgment interest which it now contends was erroneously awarded. *See* rec., vol. I, doc. 17.

Conoco did not object to either the jury instruction or the special verdict form, nor did it seek a clarification of the verdict before the jury was dismissed. A party who fails to bring to the trial court's attention ambiguities created by jury instructions or special verdict forms may not seek to take advantage of such ambiguities on appeal. *See Comcoa, Inc. v. NEC Tele., Inc.,* 931 F.2d 655, 663 (10th Cir.1991); *Bell v. Mickelsen,* 710 F.2d 611, 614–16 (10th Cir.1983). Without any objection from Conoco, the district court in its rulings on the Title VII claims and in its post-trial orders consistently treated the entire Equal Pay Act verdict as damages. Conoco's acquiescence is understandable because the dis-

trict court offset the Equal Pay Act award against the Title VII damages. Hence, Conoco benefitted by the district court's treatment to the extent that Conoco's Title VII liability was reduced by the entire jury award rather than only that amount not attributable to prejudgment interest. Finally, we find no indication in the record that when Ms. Kenworthy made a post-trial motion for prejudgment interest on the Equal Pay Act verdict, Conoco objected on the ground that this interest was already included in the verdict. To the contrary, Conoco stipulated to the amount of interest. Under these circumstances, we have no hesitation in holding that Conoco has waived the propriety of the district court's award of prejudgment interest.

## IV.

Finally, we address Conoco's argument that the district court erred in finding that Conoco failed to promote Ms. Kenworthy in retaliation for her 1981 EEOC charges. Conoco does not contend that the evidence is insufficient to support this finding, asserting instead that the court's ruling on this issue is inconsistent with its treatment of Ms. Kenworthy's sex and national origin claims. We conclude that any seeming inconsistency arises from the court's harmless legal error in stating that Ms. Kenworthy failed to make a prima facie case on the sex and national origin claims. Although Ms. Kenworthy has not appealed the resolution of this claim against her, we nonetheless analyze it because it is the basis for Conoco's challenge to the court's ruling on the retaliation claim.

In assessing whether Ms. Kenworthy was denied the warehouse supervisor's position on the bases of her sex or national origin, the district court applied the three-part framework applicable to Title VII discrimination claims set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny.

Under the *McDonnell Douglas* test, the plaintiff bears the burden of establishing a prima facie case of discrimination. The Supreme Court has stated that this burden 'is not onerous.' Establishment of a prima facie case creates a presumption of unlawful discrimination that requires a defendant to come forward with evidence of a nondiscriminatory reason for its action. The plaintiff then must have a full and fair opportunity to demonstrate that the defendant's proffered reason was pretextual, which merges with the plaintiff's ultimate burden of proving intentional discrimination.

*MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1119 (10th Cir.1991) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

 To establish a prima facie case of failure to be promoted on the basis of sex or national origin discrimination, a plaintiff must show: (1) that she was a member of a protected class; (2) that she was qualified for the position; (3) that she was rejected; and (4) that the position was filled by someone who was not a member of the protected class. *See Luna v. City & County of Denver*, 948 F.2d 1144, 1147 (10th Cir.1991). In the instant case, the district court never found that Ms. Kenworthy was not qualified. Rather, the court credited Conoco's evidence that "Peterson's overall qualifications marginally surpassed the plaintiff's qualifications regarding the supervisor position." Rec., vol. I, doc. 9 at 18. It then concluded that Ms. Kenworthy had failed to establish a prima facie case. *Id.* at 19. In so doing, the court erred in its legal analysis.

We considered this issue in analogous circumstances in *MacDonald*, 941 F.2d 1115, a case decided after the district court ruled on the Title VII claims here. In *MacDonald*, the plaintiffs asserted that their discharge was the result of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* (1988) (ADEA). The district court ruled that the plaintiffs had not made out a prima facie case of age discrimination, basing its conclusion on the defendant's proffered nondiscriminatory reasons for the plaintiff's termination. We held that the court had thereby misapplied the law to the

record. We pointed out that ruling that the plaintiffs did not establish a prima facie case based on the reasons for their discharge,

> "raise[d] serious problems under the *McDonnell Douglas* analysis, which mandates a full and fair opportunity for a plaintiff to demonstrate pretext. Short-circuiting the analysis at the prima facie stage frustrates a plaintiff's ability to establish that the defendant's proffered reasons were pretextual and/or that age was the determining factor; if a plaintiff's failure to overcome the reasons offered by the defendant for discharge defeats the plaintiff's prima facie case, the court is then not required to consider plaintiff's evidence on these critical issues."

941 F.2d at 1119. We therefore held that the employer's reasons for the adverse action are not "appropriately brought as a challenge to the sufficiency of [the plaintiff's] prima facie case." *Id.* at 1120 (quoting *Yarbrough v. Tower Oldsmobile, Inc.,* 789 F.2d 508, 512 (7th Cir.1986)). Rather, the employer's evidence is properly considered in addressing whether those articulated reasons are legitimate or merely a pretext for discrimination. After reviewing cases from other circuits that had addressed this problem, in light of the Supreme Court's admonition that the prima facie case is not to be an onerous or ritualistic burden, we concluded that

> a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, or by her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she had held her position for a significant period of time.

*Id.* at 1121 (citation omitted).

Applying that analysis to the alleged discriminatory failure to promote at issue here, Ms. Kenworthy could make a prima facie showing through credible evidence

that she was qualified for the position she sought, even if that evidence was disputed by her employer. Ms. Kenworthy clearly met that burden through her own testimony and that of Sanders and Harrison, both of whom stated that she was qualified for the warehouse supervisor position. *See* rec., vol. IV, at 14–15, 54. Although the court thus erred in stating that Ms. Kenworthy had failed to make a prima facie case, it appears that the court in reality performed the entire three-part *McDonnell Douglas* analysis and determined that Conoco's reasons for choosing Peterson were not a pretext for discrimination on the bases of sex or national origin.[4] Indeed the court consistently assessed whether Conoco's reasons were legitimate or pretextual, describing them as "not untenable" and "not implausible." Rec., vol. I, doc. 9 at 18. A determination that Conoco's reasons were not a pretext for sex or national origin discrimination is not, however, inconsistent with a ruling that Conoco nonetheless retaliated against Ms. Kenworthy because of her EEOC filing, particularly when the retaliation claim is analyzed under the proper legal standards.

 Conoco fails to recognize that because the court below found Conoco's proffered reasons legitimate *and* nevertheless credited Ms. Kenworthy's evidence of retaliation, the retaliation claim is subject to the "mixed motives" analysis applicable to situations involving both valid and invalid reasons for the challenged employment action. *See generally Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). In *Price Waterhouse,* decided after the district court issued its ruling here, the Supreme Court distinguished a mixed motives case involving *both* legitimate and illegitimate motives from a case in which the defendant's proffered reasons are *either* legitimate *or* pretextual. *See id.* at 246–47, 109 S.Ct. at 1788–89. The Court held that "Title VII meant to condemn even those decisions based on a mixture of legitimate and illegitimate considerations." *Id.* at 241, 109 S.Ct. at 1785. "[P]roving 'that the same decision would have been justified ... is not the

---

4. Ms. Kenworthy has not alleged on appeal that she was not given a full and fair opportunity to

demonstrate that Conoco's reasons were a pretext for sex or national origin discrimination.

same as proving that the same decision would have been made.'" *id.* at 252, 109 S.Ct. at 1791 (quoting *Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410, 416, 99 S.Ct. 693, 697, 58 L.Ed.2d 619 (1979)). The Court concluded accordingly that

> once a plaintiff in a Title VII case shows that [an illegitimate reason] played a motivating part in an employment decision, the defendant may avoid a finding of liability only by *proving* that it would have made the same decision even if it had not allowed [the improper motive] to play such a role.

*Id.*, 490 U.S. at 244–45, 109 S.Ct. at 1787–88 (emphasis added) (footnote omitted). In placing this burden of proof on the defendant in a mixed motives case, the Court pointed to its prior cases as demonstrating its assumption "that if an employer allows [an improper motive] to affect its decisionmaking process, then it must carry the burden of justifying its ultimate decision." *Id.* at 248, 109 S.Ct. at 1789. Under *Price Waterhouse*, once a plaintiff has shown that an improper reason was a substantial or motivating factor in the defendant's adverse treatment, the employer must prove by a preponderance of the evidence that it would have reached the same decision even absent the improper motive. *Id.* at 250, 109 S.Ct. at 1790. "A court that finds for a plaintiff under this standard has effectively concluded that an illegitimate motive was a 'but-for' cause of the employment decision." *Id.* at 249, 109 S.Ct. at 1790.

In this case, Ms. Kenworthy presented ample evidence that her failure to be promoted was motivated by her 1981 EEOC filing.[5] The district court found this evidence to be credible. The court also reiterated its holding that Conoco's proffered reasons for not promoting Ms. Kenworthy were legitimate. The retaliation claim thus presents the "mixed motive" scenario described and governed by *Price Waterhouse*. *See Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 181 (2d Cir.1992) (*Price Waterhouse* analysis applicable in ADEA case when evidence sufficient to find both improper and legitimate motives). Without the benefit of *Price Waterhouse*, the district court did not shift the burden of proof to Conoco to establish that it would have made the same decision absent the retaliatory motive. We need not remand for further proceedings, however, because the court ruled for Ms. Kenworthy even though requiring her to carry the burden of proof. Although the court found that Conoco's stated reasons for failing to promote Ms. Kenworthy were not a pretext for sex or national origin discrimination, the court also found that the motivating factor in the decision was the unlawful retaliation rather than the legitimate reasons.[6] When the district court's findings on the Title VII claims are read as a whole under the applicable legal standards, the inconsistency asserted by Conoco disappears.

## V.

In sum, we conclude that the appeal in this case is timely. We hold that the jury

---

5. A plaintiff will be entitled to the burden-shifting analysis set out in *Price Waterhouse* upon presenting "evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged [retaliatory] attitude." *Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir.1992). *Price Waterhouse* is also applicable on the basis of circumstantial evidence arising from the sequence of events if the evidence is adequate to demonstrate that an improper factor was a substantial motivation in the challenged decision. *Id.* at 183. Ms. Kenworthy's evidence clearly meets these requirements. Bill Harrison, the warehouse supervisor whom Kenworthy sought to replace, testified that his supervisor, Douglas Dewitz, held Kenworthy's 1981 EEOC filing against her. Harrison further testified that Dewitz altered and falsified Harri-

son's performance evaluation of Kenworthy. The refinery manager testified that his reasons for not giving Kenworthy the position centered around an incident that Dewitz had indisputably misrepresented to him. The record also contains evidence that Dewitz skewed another incident involving Kenworthy to her detriment after she had filed an EEOC charge.

6. In so doing, the court made the ultimate finding required by *Price Waterhouse*, stating that "the defendant retaliated against the plaintiff for filing the 1981 charge and that this wrongful retaliation was a 'but for' cause for her failure to be more favorably considered for the promotion, and of her failure to be selected warehouse supervisor." Rec., vol. I, doc. 9 at 26.

verdict in favor of Ms. Kenworthy on her Equal Pay Act claim is supported by the record, and we affirm the judgment entered on that claim. We further hold that Conoco has waived its objection to the district court's award of prejudgment interest on that verdict, and we affirm the interest award as well. Finally, we reject Conoco's assertion that the Title VII rulings are inconsistent and that a remand is required.

AFFIRMED.