**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RON BUCHANAN,

   Plaintiff-Appellant,

v.

BRIDGESTONE/FIRESTONE, INC.,

   Defendant-Appellee.

Case No. 96-6315

(D.C. CIV-95-1652-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Ron Buchanan appeals the district court's grant of summary judgment for Bridgestone/Firestone, Inc.  Mr. Buchanan alleges that Bridgestone/Firestone's Oklahoma City tire manufacturing plant, Dayton Tire ("Dayton"), engaged in age discrimination, in

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and in reverse gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-17. Specifically, Mr. Buchanan alleges the district court "grossly abused" its discretion in granting Dayton's motion. Aplt's Br. at 1. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons stated herein, we affirm.

## I. Factual Background

When Dayton eliminated Mr. Buchanan's position, Dayton offered Mr. Buchanan a lateral move to a temporary supervisory assignment in the tire room on a different shift. Under the collective bargaining agreement between Dayton and the International Union of the United Rubber, Cork, Linoleum & Plastic Workers of America and between the Oklahoma City Plant and Local Union 998, Mr. Buchanan could return to his former position, if vacant, or to another available position in the bargaining unit if his position was eliminated. Mr. Buchanan chose to accept an available bargaining unit position in the final inspection department. Mr. Buchanan asserts claims of age discrimination and reverse gender discrimination resulting from Dayton's reduction in force and failure to promote.

## II. Discussion

We review the district court's order granting summary judgment de novo, applying the same standard as the district court. Thomas v. International Bus. Machs., 48 F.3d 478, 484 (10th Cir. 1995). Summary judgment is appropriate only "if the pleadings,

2

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We examine the factual record and reasonable inferences therefrom in the light most favorable to [Mr. Buchanan], who opposed summary judgment." Thomas, 48 F.3d at 484.

### A. Age Discrimination Claims

Mr. Buchanan's somewhat muddled claims appear to pursue two theories of recovery under the ADEA including discrimination resulting from (1) Dayton's reduction in force and (2) Dayton's failure to promote him. To prevail on his ADEA claim, under the traditional Title VII burden-shifting approach set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), Mr. Buchanan must first establish a prima facie case by showing that (1) he was within the protected age group; (2) he was doing satisfactory work; (3) he was discharged or received adverse employment action; and (4) a younger person replaced him. Greene v. Safeway Stores, Inc., 98 F.3d 554, 558 (10th Cir. 1996) (quoting Lucas v. Dover, 857 F.2d 1397, 1400 (10th Cir. 1988) (applying McDonnell-Douglas burden-shifting approach to ADEA claims)); Thomas, 48 F.3d at 484-85. Upon establishment of a prima facie case, the burden shifts to the defendant, who must provide evidence "that the adverse employment actions were taken for a nondiscriminatory reason." Greene, 98 F.3d at 558. If the defendant can meet this

burden, the plaintiff must then show "that the [defendant's] proffered reason was not the true reason for the employment decision." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

Alternatively, under a less typical approach, Mr. Buchanan "may attempt to meet his burden directly, by presenting direct or circumstantial evidence that age was a determining factor [in the challenged decision]." Lucas, 857 F.2d at 1400 (quoting La Montagne v. American Convenience Prods., Inc., 750 F.2d 1405, 1409 (7th Cir. 1984)). We apply each approach to Mr. Buchanan's ADEA claims.

*1. Reduction in Force*

Mr. Buchanan is unable to prevail under either approach on his reduction-in-force claims. During a reduction-in-force, a plaintiff is typically laid off, and thus may not be able to establish replacement by a younger person. Branson v. Price River Coal Co., 853 F.2d 768, 771 (10th Cir. 1988) (evidence that employer fired qualified older employees but retained younger employees satisfies prima facie case). We thus modify the fourth element to allow Mr. Buchanan to "'produc[e] evidence, circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.'" Id. (quoting Williams v. General Motors Corp., 656 F.2d 120, 129 (5th Cir. 1981)).

Given these elements, Mr. Buchanan cannot establish a prima facie case. First, there is no evidence in the record that Mr. Buchanan is a member of the protected age

4

group, that is, over forty years of age.  See 29 U.S.C. § 631(a).  Even assuming, arguendo, that Mr. Buchanan is a member of the protected age group, he still cannot establish the fourth element of a prima facie case.

In particular, Mr. Buchanan has presented no direct or circumstantial evidence from which the fact finder might reasonably conclude that Dayton intended to discriminate when it initiated the reduction-in-force policy.  There is no evidence that Mr. Buchanan was treated less favorably than younger employees during Dayton's reorganization.  In fact, the record indicates that in Mr. Buchanan's duties were assigned to Mr. G. J. Kinder, who was 51 at the time of the reassignment and appears to be older than Mr. Buchanan.[1]  Aplt's App. at 12, 23.  This evidence does not support Mr. Buchanan's contentions that age was a factor in Dayton's reduction in force.[2]

Under the direct or circumstantial evidence approach, Mr. Buchanan fares no better.  This approach requires Mr. Buchanan to present evidence, direct or circumstantial, from which the fact finder might reasonably conclude that Dayton intended to discriminate on the basis of age in initiating the reduction-in-force policy, he might establish a reduction in force claim based on age discrimination.  Greene, 98 F.3d

---

[1] In the district court proceedings, Bridgestone/Firestone offered evidence indicating that another employee, Ms. Karen Forshee, was 52 in January 1995.  See Aplt's App. at 196.  Mr. Buchanan testified that he believed Ms. Forshee to be a "few years older than [he]."  Id.  at 151.

[2] In addition, Mr. Buchanan's reverse discrimination assertions that he was "displaced" by Ms. Forshee, who is older than Mr. Buchanan, only controvert Mr. Buchanan's ADEA claims.  See infra § II.B.

at 557. As established above, Mr. Buchanan has presented no direct evidence of Dayton's intent to discriminate against him. In addition, Mr. Buchanan has introduced no evidence that there was a pattern of discrimination against other members of the protected class, which might have bolstered his own claim. See Greene, 98 F.3d at 560-61 ("recogniz[ing] the relevance and force of such evidence of a pattern" of discrimination).

*2. Failure to Promote*

Mr. Buchanan alleges that several employees received preferential treatment in the receipt of positions that Mr. Buchanan deserved. Mr. Buchanan cannot show that Dayton failed to promote him to certain positions under circumstances that give rise to an inference of unlawful discrimination.

To establish a prima facie case of failure to promote, Mr. Buchanan "need not show that he is equally or better qualified than the person selected for the position." Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 797 (10th Cir. 1993). It is enough "'to prove by a preponderance of the evidence that [he] applied for an available position for *which* [*he*] *was qualified*, but was rejected under circumstances that give rise to an inference of unlawful discrimination.'" Id. (emphasis added) (quoting Burdine, 450 U.S. 248, 253 (1981)).

First, Mr. Buchanan alleges he applied for a junior buyer position. However, the record establishes he did not have the requisite experience for the job. Moreover, Dayton decided to eliminate the position rather than to fill it. These circumstances do not suggest

unlawful discrimination.

Next, Mr. Buchanan contends Dayton extended preferential treatment to Scott Walkup, who Mr. Buchanan alleges is younger than he. The record indicates that Mr. Walkup became a senior buyer based on his experience as a junior buyer. Mr. Buchanan's reasoning fails because he was undeniably unqualified for the position of senior buyer, given that he lacked experience for even a lower-level junior buyer position.

Mr. Buchanan also claims that Gary Williamson, allegedly younger than Mr. Buchanan, received preferential treatment. Mr. Williamson moved from senior buyer to a physical distribution manager's position. Mr. Buchanan admits he did not know what the qualifications for the manager's position were or what qualifications Mr. Williamson held. Because Mr. Buchanan has presented no credible evidence that he was qualified for the positions of junior buyer, senior buyer, or physical distribution manager, he cannot establish a prima facie case as to these allegations.[3] Cf. Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1470 (10th Cir. 1992) (credible evidence presented where two witnesses testified that plaintiff was qualified for the subject position).

Under the direct or circumstantial evidence approach, the record indicates that Mr. Buchanan has presented no evidence other than that he did not receive various positions to support this claim. Mr. Buchanan alleges there were at least two positions that Dayton

---

[3] Mr. Buchanan's claim that Ms. Linda See, who is apparently older than Mr. Buchanan, received preferential treatment, further deflates Mr. Buchanan's ADEA argument. Aplt's App. at 151, 196-97.

filled with younger employees, but as established above, the record indicates that Mr. Buchanan was qualified for neither of these positions. These allegations are insufficient to "raise[] a justiciable issue of material fact [that] must proceed to trial." Greene, 98 F.3d at 561.

### B. Reverse Gender Discrimination

Mr. Buchanan faces similar hurdles to establish a prima facie case of gender discrimination. For a reverse discrimination claim, we modify the typical requirements of the prima facie case. Unlike a "member of an ostensibly disfavored minority class," Mr. Buchanan must "identify background circumstances that would justify applying to [him]" (a "majority plaintiff") the same presumption of discrimination afforded to a minority plaintiff. Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1534 (10th Cir. 1995). Thus, Mr. Buchanan can "establish[] a prima facie case by showing that [Dayton] is one of the unusual employers who discriminate [sic] against the majority," in this case, male employees. Id. Mr. Buchanan has presented no evidence suggesting that Dayton is an employer who discriminates against an alleged majority of male employees. In fact, as the district court noted, Mr. Buchanan's "argument that younger *male* employees were treated more favorably than he tends to undercut his reverse discrimination claim." Aplt's App. at 200 n.2 (district court order of August 8, 1996) (emphasis in original).

Mr. Buchanan alleges that Linda See, age 53, see Aplt's App. at 197, received a scheduling position with a higher salary than had been offered to him. The record

8

indicates that Mr. Buchanan did not apply for this position. In addition, the transcript from Mr. Buchanan's deposition testimony indicates that he had little knowledge of Ms. See's qualifications for the position or of her actual salary. See Aplt's App. pp. 148-49.

Mr. Buchanan also alleges that Karen Forshee, age 52, see Aplt's App. at 196, received preferential treatment because she "displaced" him, Aplt's Br. at 6, in an effort by Dayton to remove Ms. Forshee from the supervision of her husband. This contention is also unsupported by the record. In January 1995, after her position as senior scheduler raw materials was eliminated, Ms. Forshee assumed supervisory duties over receiving from Mr. Kinder and retained her duties over raw materials. The record indicates that Mr. Buchanan admitted that this position had different functions from his position as receiving supervisor. See Aplt's App. at 150. Moreover, Mr. Forshee assumed this position fourteen months after Mr. Buchanan went to the bargaining unit, which deflates Mr. Buchanan's "displacement" theory. See id. at 196. These allegations do not support a reverse discrimination claim against male employees; they do, however, controvert Mr. Buchanan's allegations that Dayton discriminates against older employees.

### III. Conclusion

Mr. Buchanan is unable to present evidence to support any prima facie claim of discrimination. Furthermore, even if Mr. Buchanan could present a prima facie case on either claim, he has presented no evidence that the reason proffered by Dayton for the challenged employment decisions--its reorganization plan--was a pretext for

9

discrimination.  <u>Reynolds</u>, 69 F.3d at 1533-34, <u>Ingels v. Thiokol Corp.</u>, 42 F.3d 616, 621 (10th Cir. 1994).  Accordingly, Mr. Buchanan's claims fail.

Mr. Buchanan's counsel's suggestion that the district court's summary judgment order "grossly abused" its discretion is, to be kind, disingenuous.  The confusing claims advanced here were without merit and were clearly subject to summary judgment.

The district court's order granting summary judgment against Mr. Buchanan and in favor of Bridgestone/Firestone, Inc. is AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge