**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY ELLISON, JR.,

      Plaintiff - Appellant,

v.

SANDIA NATIONAL
LABORATORIES; SANDIA
CORPORATION; LOCKHEED
MARTIN,

      Defendants - Appellees.

No. 02-2062
(D.C. No. CIV-00-797-BB)
(D. New Mexico)

## ORDER AND JUDGMENT*

Before **SEYMOUR** and **MCCONNELL**, Circuit Judges, and **KRIEGER**, District Judge.**

Roy Ellison, Jr. appeals the district court's grant of summary judgment to

defendants in this action filed under the Age Discrimination in Employment Act,

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**The Honorable Marcia S. Krieger, United States District Judge, District of Colorado, sitting by designation.

29 U.S.C. §§ 621, *et seq.* For the reasons set out below, we affirm.

Mr. Ellison began his employment with Sandia National Laboratories in 1961 and worked there consistently, except for a hiatus from 1973 to 1976, until his termination in 1998. The facts regarding Mr. Ellison's career with Sandia, culminating in his demotion and termination, are fully set out in the district court's thorough opinion and need not be repeated here. Suffice it to say that in 1996, there was a decrease in funding to 60% of staffing level that impacted Mr. Ellison's position. In December 1996, all employees were informed that the United States Department of Energy had approved Sandia's plan for a workplace realignment. Pursuant to that plan, Sandia offered all employees the opportunity to apply for a Voluntary Separation Incentive Program, which Mr. Ellison declined to do. Rather than laying off Mr. Ellison, Sandia provided some additional training and allowed him to look for other positions in the company. In the meantime, Mr. Ellison's performance evaluations declined. Mr. Ellison claims that his demotion and subsequent termination were the result of discrimination against him because of his age.

Defendants filed a motion for summary judgment contending that Mr. Ellison failed to make a prima facie case of discrimination and that, in any event, they had shown legitimate business reasons for their actions. After evaluating the evidence submitted to it, the district court granted summary judgment for Sandia,

holding that some of Mr. Ellison's claims were time barred and that Mr. Ellison had failed to establish a prima facie case of age discrimination with respect to the others. Alternatively, the court held that Sandia had proffered legitimate reasons for the adverse actions it had taken against him, but did not discuss whether Mr. Ellison had offered evidence of pretext.

Mr. Ellison contends the district court erred in holding that he failed to establish a prima facie case of age discrimination. Age discrimination plaintiffs "may establish discrimination indirectly through the three-part framework . . . set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny." *MacDonald v. Eastern Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1119 (10th Cir. 1991). Pursuant to *McDonnell Douglas*, a plaintiff "bears the initial burden of establishing a prima facie case by a preponderance of the evidence," *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000), which he can do in an age discrimination case by showing "(1) [he] was within the protected age group, (2) [he] was doing satisfactory work, (3) [he] was discharged, and (4) [his] position was filled by a younger person," *MacDonald*, 941 F.2d at 1119. *See also Munoz v. St. Mary-Corwin Hospital*, 221 F.3d 1160, 1165 (10th Cir. 2000) (defining second prong of prima facie case as "qualified" for the job (citing *Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir. 1999)); *Horizon/CMS Healthcare Corp.*, 220 F.3d at 1192

(second prong of prima facie case in pregnancy discrimination case defined as qualified for position); *Kenworthy v. Conoco*, 979 F.2d 1462, 1469 (10th Cir. 1992) (second prong of prima facie case in sex and national origin discrimination case defined as qualified for position). In making a prima facie case,

> the plaintiff raises a rebuttable presumption that the defendant unlawfully discriminated against [him]. The burden of production then shifts to the defendant who must articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. . . . If the defendant is able to articulate a facially nondiscriminatory reason for the adverse employment action, the plaintiff can avoid summary judgment only if [he] can show that [his age] was a determinative factor in the defendant's employment decision, or show the defendant's explanation for its action was merely pretext.

*Horizon/CMS Healthcare Corp.*, 220 F.3d at 1191 (citations and quotations omitted).

The district court held that Mr. Ellison failed to prove the second prong of his prima facie case. In doing so, the court erroneously took into consideration Sandia's evidence that Mr. Ellison's work performance had declined. A defendant's evidence regarding an employee's work performance should not be considered when determining whether the employee has made a prima facie case of employment discrimination. *See MacDonald*, 941 F.2d at 1119-20. *See also Horizon/CMS Healthcare Corp.*, 220 F.3d at 1192-93; *Kenworthy*, 979 F.2d at 1469-70. Rather, a plaintiff may establish his prima facie case by presenting "credible evidence that [he] continued to possess the objective qualifications [he]

-4-

held when [he] was hired, or by [his] own testimony that [his] work was satisfactory, even when disputed by [his] employer, or by evidence that [he] held [his] position for a significant period of time." *MacDonald*, 941 F.2d at 1121 (citations omitted). The district court's reliance on Sandia's evidence as a means to undermine Mr. Ellison's prima facie case of age discrimination

> raises serious problems under the *McDonnell Douglas* analysis, which mandates a full and fair opportunity for a plaintiff to demonstrate pretext. Short-circuiting the analysis at the prima facie stage frustrates a plaintiff's ability to establish that the defendant's proffered reasons were pretextual and/or that age was the determining factor

for discharge. *Id.* Instead, such evidence is appropriately considered during the next phase of *McDonnell Douglas'* three part analysis. Thus, Mr. Ellison met the second prong of the prima facie case.

The district court alternatively held Mr. Ellison failed to establish that his positions were filled by a younger person after he was demoted/terminated. However, in a RIF situation, such as here, we apply a modified *McDonnell Douglas* test for the fourth prong of the prima facie case. This is so because

> in a RIF case, the plaintiff cannot actually point to a continuing vacancy because her position has been eliminated. She can, however, point to circumstances that show that the employer could have retained her, but chose instead to retain a younger employee. In such circumstances, "lack of vacancy" cannot explain the contested employment decision because the employer prefers to retain a younger employee in a position for which the plaintiff is qualified. Even though certain exigencies of RIF cases may explain the employer's action in such circumstances, "these exigencies are best analyzed at the stage where the employer puts on evidence of a nondiscriminatory reason for

the discharge."

*Beaird v Seagate Tech., Inc,* 145 F. 3d 1159, 1167 (10th Cir. 1998)(footnote omitted)(citation omitted). *See also Ingels v. Thiokol Corp.,* 42 F.3d 616, 621 (10th Cir. 1994)(Fourth element of prima facie case "may be established through circumstantial evidence that plaintiff was treated less favorably than younger employees during the reduction-in-force.")(citation omitted).

We need not decide whether Mr. Ellison proferred sufficient evidence to raise a fact issue on the fourth prong of the prima facie case because even assuming that he did, we are not persuaded the district court erred in its ultimate conclusion that summary judgment for defendants was appropriate. Having reviewed the record presented to the district court at the summary judgment stage, it is clear that Sandia offered legitimate reasons for the actions it took.[1] It was at the third stage of the *McDonnell Douglas* test that Mr. Ellison failed to counter Sandia's motion for summary judgment.

It is apparent from the brief Mr. Ellison filed in the district court in response to the motion for summary judgment that Mr. Ellison never focused the district court on the issue of pretext. In his response, Mr. Ellison asserted that he had made a prima facie showing of discrimination under the ADEA, that Sandia

---

[1]"The defendant's burden at this stage is one of production, not one of persuasion." *Horizon/CMS Healthcare Corp.*, 220 F.3d at 1191 (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981)).

lacked any reason to demote and fire him, and that disputed issues of fact remained. He did not assert that he met the third prong of *McDonnell Douglas* by raising an inference that Sandia's reasons were pretextual.

Even were we to read between the lines of Mr. Ellison's summary judgment response and pick out various factual assertions of conduct on Sandia's part that Mr. Ellison believes shows the illegitimacy of Sandia's reasons for its adverse employment actions, we are not persuaded after reviewing the record that Mr. Ellison's assertions constitute sufficient evidence for a jury to infer pretext.[2]

Finally, even assuming there is a cause of action under the ADEA for hostile work environment, *see McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1129 (10th Cir. 1998), the evidence Mr. Ellison has proffered does not state a claim.

Accordingly, the district court did not err in granting summary judgment for Sandia. The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[2]We note that much of the factual basis for Mr. Ellison's argument on appeal is based on parts of the record that were not before the district court. We have not considered this material.