**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRAN MATTERA,

      Plaintiff-Appellant,

v.

GAMBRO, INC., doing business as
Gambro BCT, Inc.,

      Defendant-Appellee.

No. 03-1144
(D.C. No. 01-WM-2156 (OES))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's grant of summary judgment to defendant on her claims of gender and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act (ADEA), 42 U.S.C. §§ 621-634. She also appeals the denial of her motion to compel certain interrogatory responses by defendant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's summary judgment decision de novo, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate if "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the nonmoving party will bear the burden of proof at trial on a dispositive issue[,] that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Neal v. Roche*, 349 F.3d 1246, 1249 (10th Cir. 2003) (quotation omitted).

We review the court's denial of plaintiff's motion to compel discovery for abuse of discretion. *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995).

The relevant facts are as follows: plaintiff had worked for defendant just over eighteen years when she resigned in September of 2000. She was forty-two at the time. When she resigned, she was being investigated for misconduct: specifically, falsifying the time records for one of her subordinates. Based on a September 15, 2000 confrontation by her supervisor (Bill Pettit) and a human resources representative (Beth Bohm), plaintiff admitted making alterations to the time cards of employee Tammy Maynes. Following this meeting, plaintiff was placed on paid leave pending further investigation. She was advised of the seriousness of the matter because it involved falsifying company records and that termination of her employment could result.

Following a September 22 meeting with Pettit and human resources vice president Kathe Burke, plaintiff was afraid she would be fired for stealing, a notation she did not want on her record. Aplt. App., Vol. II at 149. She then asked that her termination be shown as a resignation, *id.* ("I asked for the courtesy to resign."), which request was granted. [1]

---

[1] In subsequent job interviews, plaintiff told prospective employers that she had resigned. Aplt. App., Vol. II at 149. She found new employment within six

(continued...)

In connection with her resignation, plaintiff signed a settlement agreement and release in which the company agreed to extend her health insurance benefits through October 31, 2000, and to provide a week's severance pay. Pettit initialed the front page but apparently did not sign the last page of the agreement at that time. Plaintiff signed the agreement, which clearly stated that she had seven days in which to revoke it and further that she released any and all claims against defendant for wrongful discharge and claims under the Civil Rights Act of 1964 and the ADEA. *Id.* at 247-52. Plaintiff received her final paycheck on September 22 and the severance paycheck within the following week. *Id.* at 164.

Over three months later, plaintiff wrote to Burke complaining that she had not received her "separation documents that were signed by the company" and enclosing a personal check for the amount of the severance pay. *Id.* at 254. The letter did not seek reinstatement with defendant, nor did it purport to revoke the settlement agreement. In response, on January 11, 2001, defendant furnished her with a signed copy of the settlement agreement and stated that it was effective when signed in September and that plaintiff had had seven days to revoke it. Defendant also returned her check. *Id.* at 256. Ten days later plaintiff sent another letter, this time purporting to revoke the agreement, but again not seeking

---

[1](...continued)
weeks of her termination with defendant. *Id.*

reinstatement. *Id.* at 258. She did not return the severance pay and later testified to keeping the money. *Id.* at 165.

In granting summary judgment to the defendant, the district court determined plaintiff had failed to establish a prima facie case of discrimination. To establish a prima facie case of discrimination based on gender, a plaintiff must show (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) she was treated less favorably than others not in the protected class. *See Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). To establish a prima facie case of age discrimination, she must show (1) she belongs to a protected class, (2) she was qualified for the job, (3) despite her qualifications, she was discharged, and (4) the job was not eliminated following her discharge. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1165 (10th Cir. 2000).

Our concern in this case is whether plaintiff satisfied the second and third elements of a prima facie case, i.e., that she was qualified and performing her job satisfactorily, *see McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998), and that she suffered an adverse employment action (here, termination).

The district court determined plaintiff had failed to meet her burden of showing she was qualified for and satisfactorily performing her job "in light of

the company policies and the investigation of her misconduct." Aplt. App., Vol. IV at 505. This was error. We have long held that even in the face of alleged work rules violations

> a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, or by her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she had held her position for a significant period of time.

*MacDonald v. E. Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1121 (10th Cir. 1991) (citations omitted); *see also Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1470 (10th Cir. 1992). The fact that plaintiff insisted her work was satisfactory is sufficient to satisfy this element of a prima facie case. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1166 n.3 (10th Cir. 1998). Thus, "the employer's subjective reasons are not properly considered at the prima facie stage, and should instead be considered in addressing whether those articulated reasons are legitimate or merely a pretext for discrimination." *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1510 (10th Cir. 1997) (quotation omitted).

Moreover, in addition to plaintiff's own testimony that her job performance was adequate, the record reflects she had been on the job for over eighteen years and had received favorable evaluations. *See* Aplt. App., Vol. III at 382-90. Upon her departure, her supervisor wrote her a favorable letter of recommendation. *Id.* at 398. The human resources representative had the sense that plaintiff was "not

-6-

conscious of favoritism or altering company records," *id.* at 396, and reported that plaintiff's supervisor thought plaintiff was a competent supervisor. *Id.* The district court therefore incorrectly concluded that plaintiff had failed to show she was qualified for her position or performing her job satisfactorily.

Plaintiff did not, however, establish a prima facie case that she was fired. Plaintiff testified that the company accepted her resignation. Aplt. App., Vol. II at 149. It was at her request that the termination be shown as voluntary. *Id.* She made that decision because it would be harder to find a job if her termination was shown as a discharge or filing, and she did not want to be fired. *Id.* She discussed asking that her termination be shown as voluntary with her life partner prior to signing the agreement. *Id.* at 179-80. She admitted that when she asked that the termination be shown as voluntary, "[she was] basically requesting to resign[.]" *Id.* at 197. In her subsequent interviews she informed prospective employers that she had resigned. *Id.* at 149. The settlement agreement and release plaintiff signed accurately reflected her discussion with her supervisor about "changing the termination to be shown as voluntary," *id.* at 160, and the agreement specifically states that in lieu of concluding the company's investigation into plaintiff's conduct and performance, plaintiff had agreed to resign effective September 22, 2000. *Id.* As far as plaintiff was aware, defendant had never breached its agreement to treat her termination as voluntary. *Id.* at 163.

In January of 2001, when she sent the company the letter purporting to revoke the settlement agreement, she did not mention she was seeking reinstatement. Aplt. App., Vol. III at 372. Rather, the basis for this purported revocation was her assertion that she had not been provided "a copy of the document with any execution by the company," and she therefore did not believe the agreement was consummated or that the revocation period had begun to run. *Id.* She later testified that she never advised the company she wanted to discuss getting her job back. Aplt. App., Vol. II at 177.

Instead of presenting disputed facts, plaintiff in her brief presents only argument and her opinion that she was fired. Her own testimony, however, coupled with her signing of the settlement agreement and release, demonstrates beyond doubt that she intended to resign rather than be fired and that she, in fact, resigned. Because plaintiff failed to establish the third prong of her prima facie case of gender and age discrimination, defendant was entitled to summary judgment as a matter of law.

Finally, the district court's denial of plaintiff's belated motion to compel discovery [2] does not amount to an abuse of discretion. In ruling on the motion,

---

[2] Plaintiff's motion, filed six months after the discovery cut off date and four months after responding to defendant's summary judgment motion, sought to compel any and all documentation regarding criticisms of plaintiff's job performance and any and all "altered entries in the company's computerized

(continued...)

the magistrate judge stated that the type of information plaintiff sought could be more appropriately obtained through depositions, an avenue plaintiff apparently did not pursue.

The court further likened plaintiff's motion to a fishing expedition, hoping to unearth "some evidence that some other supervisor might have done something like she did during a five year period." Aplt. App., Vol. I at 99. The motion came far too late in the day. Moreover, it had no bearing on plaintiff's inability to establish that her employment was terminated by action other than her own requested resignation. The district court's denial of this motion as moot did not constitute an abuse of discretion.

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[2](...continued)
time-keeping system" by "any and all supervisors or managers" within the previous five years. *See* Aplt. App., Vol. I at 60. Defendant objected to the interrogatories as overly broad.