**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J. Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

February 2, 1998

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 96-2215, *Sun v. Journal Publishing Co.,*
January 16, 1998

Please be advised of the following correction to the captioned decision:

The cover page of the order and judgment lists the Defendant-Appellee in the case as "JOURNAL PUBLISHING CO., d/b/a/ ALBUQUERQUE JOURNAL, Defendant-Appellee."

The correct name of the Defendant-Appellee in the case should be "ALBUQUERQUE PUBLISHING CO., Defendant-Appellee."

A corrected copy of the cover page is attached for your convenience.

Very truly yours,

Patrick Fisher, Clerk

Keith Nelson
Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JAN 16 1998**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

STEVE W. SUN,

        Plaintiff-Appellant,

v.

ALBUQUERQUE PUBLISHING CO.,

        Defendant-Appellee.

No. 96-2215
(D.C. No. CIV-95-0146 LH-DJS)
(District of New Mexico)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, **LUCERO**, and **MURPHY**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See Fed. R. App. P. 34(a)*; *10th Cir. R. 34.1.9*.  The case is therefore ordered submitted without oral argument.

        Plaintiff Steve Sun brought suit against Albuquerque Publishing Company (APC) alleging racial discrimination, retaliation, and a hostile work environment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's grant of summary judgment on all claims. Because plaintiff has failed to raise a genuine issue of material fact regarding discrimination or pretext, we affirm.

"We review de novo the grant of summary judgment and apply the same legal standards as the district court under Rule 56." *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1402 (10th Cir.1997). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*.

Plaintiff maintains APC discriminated against him when it: (1) suspended him for ten days; (2) placed him on disability leave; (3) failed to promote him; and (4) terminated him. Plaintiff also maintains APC took each of these actions in retaliation for protected activities.

We review discrimination and retaliation claims under the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Randle v. Aurora*, 69 F.3d 441, 451 (10th Cir. 1995); *Burrus v. United Tel. Co.*, 683 F.2d 339, 343 (10th Cir. 1982) ("The general approach to Title VII suits set out in *McDonnell Douglas* and *Texas Department of Community Affairs* is also applicable to retaliation claims."). Plaintiff bears the initial burden of demonstrating a prima facie case of discrimination or retaliation. *Randle*, 69 F.2d at 451; *Burrus*, 683 F.2d at 343. Upon such a showing, the burden shifts to

the defendant to articulate legitimate non-discriminatory reasons for the challenged employment decisions. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Burrus*, 683 F.2d at 343. If defendant satisfies this burden, the plaintiff must "show that there is a genuine dispute of material fact as to whether the employer's proffered reason[s] for the challenged action[s] [are] pretextual -- i.e. unworthy of belief." *Randle*, 69 F.2d at 451; *Burrus*, 683 F.2d at 343.

We will assume for purposes of this appeal plaintiff presented prima facie cases of discrimination and retaliation. In response, APC offered the following non-discriminatory explanations for each of its employment actions: (1) APC suspended plaintiff for failure to meet with a supervisor; (2) APC placed plaintiff on disability leave to receive a psychiatric evaluation after a mental health counselor informed APC plaintiff had made threats on the lives of APC employees; (3) APC did not promote plaintiff because two other employees were more qualified for the position; and (4) APC terminated plaintiff because he misappropriated company property. By articulating these reasons for its actions, APC met its burden under *McDonnell Douglas*; therefore, the burden shifted to plaintiff to present evidence of pretext. *Randle*, 69 F.2d at 451; *Burrus*, 683 F.2d at 343.

After a careful and thorough review of the briefs and the record in this case, we can find no evidence suggesting APC's explanations are unworthy of belief. Plaintiff's mere assertions of pretext and discrimination are insufficient to survive a motion for summary judgment. *See, e.g.,* **Branson v. Price River Coal Co.**, 853 F.2d 768, 772 (10th Cir. 1988) ("[P]laintiff['s] mere conjecture that [his] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."); **Cone v. Longmont United Hosp. Ass'n**, 14 F.3d 526, 529 (10th Cir. 1994) ("Failure to come forward with evidence of pretext will entitle the defendant to judgment.").

Finally, plaintiff maintains his claims fall within the purview of the mixed motives analysis set forth in **Price Waterhouse v. Hopkins**, 490 U.S. 228 (1989). To be entitled to the burden shifting analysis of **Price Waterhouse**, the plaintiff must present evidence "directly reflecting the alleged [discriminatory or retaliatory] attitude" or "circumstantial evidence ... demonstrat[ing] that an improper factor was a substantial motivation in the challenged decision." **Kenworthy v. Conoco, Inc.**, 979 F.2d 1462, 1471 n.5 (10th Cir. 1992). The record reveals neither. Absent this evidence we are compelled to affirm.[1]

---

[1]It is unclear from the briefs whether plaintiff asserts he was subjected to a hostile work environment. In any event, this claim was not set forth in a short and plain statement in the complaint as required by Fed. R. Civ. P. 8(a)(2); it was not argued to the district court and, consequently was not ruled upon; nor was it

(continued...)

**AFFIRMED**.

                                        ENTERED FOR THE COURT
                                        John C. Porfilio
                                        Circuit Judge

---

[1](...continued)
set forth in his appellant brief in an argument supported by authority with citations to the record.  The issue, thus, is not properly before us, and we decline to consider it.  Fed. R. App. P. 28(a)(6); *Gross v. Burggraf Const. Co*. 53 F.3d 1531, 1547 (10th Cir. 1995).